IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOMPKINS; individually and on behalf of members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorney General Act ("PAGA"),<br><br>               Plaintiffs,<br><br>      v.<br><br>C&S WHOLESALE GROCERS, INC., a Vermont corporation; TRACY LOGISTICS, LLC, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>               Defendants. | 2:11-cv-0703-GEB-**EFB**<br><br>ORDER GRANTING MOTION TO REMAND |

On April 13, 2011, Plaintiff David Tompkins filed a motion seeking to remand this case to the Sacramento County Superior Court in California from which it was removed. (ECF No. 10.) Defendants C&S Wholesale Grocers, Inc. and Tracy Logistics, LLC (collectively, "Defendants") oppose the motion. (ECF No. 11.) Defendants argue in their opposition the motion should be denied because diversity jurisdiction exists under 28 U.S.C. § 1332(a) which supports the removal of this case to federal court based on the uncontroverted evidence establishing that the amount in controversy is well in excess of $75,000." (Opp'n 1:11-

12.) For the reasons stated below, Plaintiff's motion to remand will be GRANTED.

## I. BACKGROUND

On February 3, 2011, Plaintiff filed a Complaint in the Sacramento County Superior Court, alleging the following three claims under state law. (Compl. ¶¶ 56-102.): (1) failure to pay minimum wages and overtime wages in violation of California Labor Code sections 510 and 1198; (2) civil penalties under California Labor Code sections 2698, et seq.; and (3) unfair business practices in violation of California Business and Professions Code sections 17200, et seq. Id. Plaintiff also alleges that the amount in controversy "including claims for compensatory damages, interest, and pro rata share of attorneys' fees, is less than $75,000." Id. ¶ 1.

On March 14, 2011, Defendants filed a Notice of Removal, removing this case to federal court on the basis of diversity jurisdiction. (Notice of Removal ¶ 7.) Defendants' Notice of Removal states that removal is proper since there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Id.

## II. LEGAL STANDARD

Removal to federal court is only proper under diversity jurisdiction when a case originally filed in state court is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. § 1332(a). "The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir.

2009) (citations omitted). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson, 319 F.3d at 1090. Defendants need to "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. Sanchez v. Monumental Life Insurance Co., 102 F.3d 398, 404 (9th Cir. 1996). The Court will "consider[] facts presented in the removal petition as well as any 'summary judgment-type evidence relevant to the amount in controversy at the time of removal.' Conclusory allegations as to the amount in controversy are insufficient." Matheson, 319 F.3d at 1090-91.

Plaintiff, citing Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007), argues that since he "unequivocally alleges the amount in controversy . . . is less than $75,000[,] . . . Defendants must prove to a legal certainty, that the federal jurisdiction amount is met." (Mot. 4:3-5, 18-19.) However, "[i]n a footnote, the Guglielmino court discussed and left open the question whether the . . . 'legal certainty' standard applies only in the [Class Action Fairness Act ("CAFA")] context." HSBC Bank USA, NA v. Valencia, No. 09-CV-1260-OWW-JLT, 2010 WL 546721, at *5 (E.D. Cal. Feb. 10, 2010). Several district courts have extended the legal certainty burden of proof to § 1332(a) diversity jurisdiction cases. See e.g. Lara v. Trimac Transp. Servs. Inc., No. CV 10-4280-GHK (JCx), 2010 WL 3119366, at *1 n.1 (C.D. Cal. Aug. 6, 2010) (applying the legal certainty standard in a § 1332(a) diversity jurisdiction case); accord Site Mgmt. Solutions,

<u>Inc. v. TMO CA/NV, LLC</u>, No. CV 10-08679 MMM (JEMx), 2011 WL 1743285, at *3 (C.D. Cal. May 4, 2011); <u>but see Lyon v. W.W. Grainger, Inc.</u>, No. C 10-00884 WHA, 2010 WL 1753194, at *1 (N.D. Cal. Apr. 29, 2010) (explaining "[i]t would be an unprecedented extension of Ninth Circuit caselaw to apply the burden of proof that plaintiff suggests to a non-CAFA case such as this"). However, this issue need not be determined in this case since, as discussed below, Defendants have not met their burden of proof under the preponderance of the evidence standard.

### III. <u>Discussion</u>

Plaintiffs argue this action should be remanded to state court since Defendants failed to offer "evidence supporting [their] contention that the amount in controversy exceeds $75,000[.]" (Mot. for Remand ("Mot.") 6:1-2.) Defendants respond, arguing diversity jurisdiction exists since the "the uncontroverted evidence establishes that the amount in controversy is well in excess of $75,000." (Opp'n 1:11-12.)

### A.   Unpaid Overtime

Defendants argue the "amount in controversy [is] more than $75,000 on [Plaintiff's unpaid overtime] claim alone[.]" (Opp'n 8:13-14.) Plaintiff alleges that "Defendants regularly and consistently failed to pay overtime wages to Plaintiff" and Plaintiff was "required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation." (Compl. ¶ 40.) Defendants argue they "based their removal calculations on the amount in controversy for Plaintiff's overtime claim on the assumption that Plaintiff 'regularly and consistently' worked at least 10 hours of overtime per week." (Opp'n 6:14-16.) Defendants argue their "estimates [are] credible" since "[w]hen asked to stipulate that he worked less than 10 hours of overtime

4

per week, Plaintiff refused to stipulate." <u>Id.</u> 7:15-17. Plaintiff counters that his "refusal to stipulate to the amount of overtime hours [he] worked is [not] evidence of bad faith" and "Defendants cannot prove their overtime calculations without [their] assumption" that Plaintiff worked ten hours of overtime per week. (Reply 2:24-25, 6:25-26.)

Defendants acknowledge their calculations of the amount in controversy in Plaintiff's unpaid overtime claim are based on an "assumption"; Plaintiff's refusal to stipulate to the amount of overtime hours he worked is not evidence and does not support Defendants' "assumption". <u>See</u> <u>Bassel v. 4Access Communications Co.</u>, No. 07cv2346-L(JMA), 2008 WL 2157005, at *3 (S.D. Cal. May 21, 2008) ("If a plaintiff's refusal to stipulate is sufficient to satisfy that burden, a defendant could force the plaintiff to choose between stipulating against his or her future remedies and remaining in federal court."). Defendants fail to support their calculation of the amount in controversy in Plaintiff's unpaid overtime claim with evidence and "conclusory allegations as to the amount in controversy are insufficient." <u>Matheson</u>, 319 F.3d at 1090-91. Therefore, Defendants cannot establish the amount in controversy in this claim.

**B.  Unpaid Minimum Wages**

Plaintiff also alleges he was "not paid at least minimum compensation for all hours worked." (Compl. ¶ 62.) Defendants argue Plaintiff's Complaint "is completely silent on how many hours for which Plaintiff claims he was not paid minimum wage." (Opp'n 8:24-15.) However, Defendants do not offer any evidence or calculate what Plaintiff is more likely than not to recover for his unpaid minimum wage claim. Therefore, Defendants fail to establish the amount in controversy for this claim.

///

### C.   Liquidated Damages

Plaintiff seeks liquidated damages in his claim for unpaid overtime and minimum wages, under California Labor Code section 1194.2, which states in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage . . . , an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." CAL. LAB. CODE § 1194.2(a).

Defendants argue that "Plaintiff's request for liquidated damages would double the amount in controversy at issue on the unpaid minimum wages and overtime wages claim." (Opp'n 9:3-4.) However, section 1194.2 proscribes that "nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation." CAL. LAB. CODE § 1194.2(a). Since Defendants fail to establish the amount in controversy for Plaintiff's unpaid minimum wage claim, Defendant cannot calculate liquidated damages for Plaintiff's unpaid minimum wage claim.

### D.   Civil Penalties

Plaintiff also seeks to recover civil penalties in his claim for failure to pay overtime and minimum wages, under California Labor Code section 1197.1. (Compl. ¶ 71.) In his second claim, Plaintiff seeks penalties under California's Private Attorneys General Act ("PAGA"), California Code of Regulations Title 8 section 11070, and California Labor Code section 210. (Compl. ¶ 84(a),(b),(c).) Defendants argue that under these provisions Plaintiff will recover $3,100 in penalties for his first claim, and $32,000 in penalties for his second claim. (Opp'n

9:16-19.) Even assuming *arguendo* that Plaintiff would be entitled to the maximum penalties under these statutes, Defendant establishes $35,100 in controversy for these claims.

    **E.   Attorneys' Fees**

        Defendants argue "plaintiff may recover reasonable attorneys' fees" and that these attorneys' fees "add to the amount in controversy." (Opp'n 13:8-10.) Defendants argue that "[u]sing a conservative hourly rate of $300 per hour for Plaintiff's counsel, if Plaintiff's counsel spent 200 hours on the instant case, it would about to $60,000 in attorney's fees." Id. 13:10-12. Plaintiff argues that "[a]llthough Defendants make these conclusions relating to the amount of attorneys' fees, [they] failed to submit any supporting evidence." (Mot. 12:3-4.) Defendants counter that "Plaintiff's counsel do not state that their hourly rates are . . . less than $300" and they do not "state that they will not seek attorney's fees of more than $60,000[.]" (Opp'n 13:19-21.) However, "[D]efendant[s] bear[] the burden of establishing that removal is proper[,]" and their assumptions regarding the attorneys' fees Plaintiff will recover lack a foundation. Placer Dome, Inc., 582 F.3d at 1087. Defendants' conclusory argument does not prove by a preponderance of the evidence that Plaintiff will recover $60,000 in attorneys' fees.

        Since Defendants have not proved by a preponderance of the evidence that the amount in controversy exceed $75,000, Plaintiff's remand motion is GRANTED.   Therefore, this case is REMANDED to the Sacramento County Superior Court in California.

Dated:  July 9, 2011

                       _____
                       GARLAND E. BURRELL, JR.
                       United States District Judge